**UNITED STATES of America, Appellee,**

v.

**Mara Theresa QUINN, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Jerry Hal SALITERMAN, Appellant.**

**Nos. 88–5156, 88–5157.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1988.

Decided March 1, 1989.

Paul Engh, Minneapolis, Minn., for appellant.

Jon M. Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

Before HEANEY * and BEAM,
Circuit Judges, and STUART,** District Judge.

BEAM, Circuit Judge.

Pursuant to Fed.R.Crim.P. 11(a)(2), Jerry Hal Saliterman and Mara Theresa Quinn appeal from a determination by the district court that certain evidence should not be suppressed. We affirm.

The appellants entered conditional guilty pleas to charges of conspiracy to defraud the United States (18 U.S.C. § 371) and the fraudulent use of an unauthorized credit card (18 U.S.C. § 1029(a)(2)). The activities underlying these charges included the stealing of goods from department stores with subsequent unlawful disposition of the merchandise for cash or credit.

The appellants were indicted on August 5, 1987. They made a motion to suppress evidence obtained from a wiretap conducted by state officers, which evidence came into federal hands. They contended that the wiretap warrant failed to comply with the federal wiretap statute, 18 U.S.C. § 2518, and the Minnesota statute, Minn. Stat. § 626.06, because the warrant did not contain a statement that it must terminate upon attainment of the objective of the wiretap. The district court denied the motion to suppress on December 7, 1987.

State officials had concurrently commenced state criminal proceedings against appellants. A similar suppression motion was made in state court to deter the state prosection. The state trial court ordered suppression of the evidence on the ground that the warrant did not comply with the Minnesota statute. This occurred on December 18, 1987.

On December 31, 1987, appellants entered their conditional pleas to the federal charges and moved for reconsideration of the court's December 7, 1987, order denying suppression of the wiretap evidence. The motion stated that the state court had found the warrant to be defective, and, on

** The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

**1000**

that basis, sought suppression of the evidence pursuant to 18 U.S.C. § 2518(10)(a)(i). The district court granted the motion to reconsider and then reaffirmed its previous order.

In the meantime, the Minnesota Court of Appeals affirmed the Minnesota trial court ruling. However, the Minnesota Supreme Court granted certiorari and, on January 31, 1989, reversed the Court of Appeals, finding the wiretap warrant to be valid. *State v. Quinn*, 436 N.W.2d 758 (Minn.1989).

On appeal, appellants argue that the district court's finding that the wiretap warrant did not violate the Minnesota state statute should be reversed because of the contrary decisions of the state trial court and Minnesota Court of Appeals. Appellants contend 18 U.S.C. § 2518(10)(a)(i) mandates suppression of wiretap evidence obtained in violation of state law, notwithstanding the absence of a federal law violation.

The recent decision of the Minnesota Supreme Court, however, invalidates the entire premise upon which this appeal proceeds. Accordingly, the trial court should be affirmed. *See* 8th Cir. R. 14.